UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIERMAN PRODUCE EXCHANGE, INC., D'ARRIGO BROS. CO. OF NEW YORK, INC., A & J PRODUCE CORP., COOSEMANS NEW YORK INC. and S. KATZMAN PRODUCE INC., <br><br> Plaintiffs, <br><br> - against - <br><br> VALENTINE PRODUCE INC., JOHN E. REILLY and DIANE REILLY a/k/a DEBBIE REILLY, <br><br> Defendants. | Case No. 21-cv-8033 <br><br> **COMPLAINT** |

Plaintiffs Fierman Produce Exchange, Inc. ("Fierman"), D'Arrigo Bros. Co. of New York, Inc. ("D'Arrigo"), A & J Produce Corp. ("A&J"), Coosemans New York Inc. ("Coosemans") and S. Katzman Produce Inc. ("Katzman") (Fierman, D'Arrigo, A&J, Coosemans and Katzman collectively, "Plaintiffs"), by and through undersigned counsel, as and for their complaint against defendants Valentine Produce Inc. ("Valentine"), John E. Reilly ("J. Reilly") and Diane Reilly a/k/a Debbie Reilly ("D. Reilly") (Valentine, J. Reilly and D. Reilly collectively, "Defendants"), allege as follows:

**JURISDICTION AND VENUE**

1.  Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.

2.  Venue in this district is based on 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

//

//

- 1 -

## PARTIES

3.     Plaintiff Fierman is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 19112556.

4.     Plaintiff D'Arrigo is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 20031225.

5.     Plaintiff A&J is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 19771635.

6.     Plaintiff Coosemans is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 20031098.

7.     Plaintiff Katzman is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 19207656.

8.     Defendant Valentine is a New York corporation having a principal place of business in Oyster Bay, New York, engaged in the business of buying and selling wholesale quantities of

produce in interstate commerce, and was at all relevant times subject to and formerly licensed under the provisions of PACA as a dealer, holding PACA license number 20071390.

9. Defendant J. Reilly is and was an officer, director and/or shareholder of Valentine and a reported principal on Valentine's PACA license during the period of time in question, who controlled the operations of Valentine and is and was in a position of control over the PACA trust assets, or participated in dissipating PACA trust assets, belonging to Plaintiffs.

10. Defendant D. Reilly is and was an officer, director and/or shareholder of Valentine and a reported principal on Valentine's PACA license during the period of time in question, who controlled the operations of Valentine and is and was in a position of control over the PACA trust assets, or participated in dissipating PACA trust assets, belonging to Plaintiffs.

## GENERAL ALLEGATIONS

11. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

12. Between July 14, 2021 and July 30, 2021, Fierman sold and delivered to Defendants wholesale quantities of produce that had been shipped in interstate commerce or contemplation thereof having an agreed upon value of $1,132.00, all of which remains due and owing.

13. Between May 27, 2021 and July 30, 2021, D'Arrigo sold and delivered to Defendants wholesale quantities of produce that had been shipped in interstate commerce or contemplation thereof having an agreed upon value of $66,836.50, of which $64,917.50 remains due and owing.

14. Between June 25, 2021 and July 30, 2021, A&J sold and delivered to Defendants wholesale quantities of produce that had been shipped in interstate commerce or contemplation thereof having an agreed upon value of $26,850.00, all of which remains due and owing.

15. Between July 1, 2021 and July 30, 2021, Coosemans sold and delivered to Defendants wholesale quantities of produce that had been shipped in interstate commerce or contemplation thereof having an agreed upon value of $9,957.00, of which $9,366.50 remains due and owing.

16. Between July 2, 2021 and July 30, 2021, Katzman sold and delivered to Defendants wholesale quantities of produce that had been shipped in interstate commerce or contemplation thereof having an agreed upon value of $48,926.00, of which $47,727.00 remains due and owing.

17. Defendants have failed to pay for the goods when payment was due, despite repeated demands, and presently owe Plaintiffs the aggregate principal amount of $149,993.00.

18. At the time of receipt of the produce, Plaintiffs became beneficiaries in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

19. Each of the Plaintiffs preserved its respective interest in the PACA trust by issuing invoices to Defendants for each transaction which contain the statutory language required by 7 U.S.C. § 499e(c)(4). Each of the Plaintiffs remains a beneficiary of the PACA trust until full payment is made for the produce.

20. Defendants' failure, refusal, and inability to pay Plaintiffs demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

21. Defendants have ceased Valentine's operations and, upon information and belief, have liquidated all of the assets in Valentine's possession including assets subject to the PACA trust.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Injunctive Relief)

22. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 21 above as if fully set forth herein.

23. Defendants' failure to make payment to Plaintiffs of trust funds in the aggregate amount of $149,993.00 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

24. Pursuant to PACA and the prevailing cases, Plaintiffs are entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Failure to Make Prompt Payment of Trust Funds)

25. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. Defendants received each of the produce shipments on which this action is based.

27. Defendants are required to promptly tender to Plaintiffs full payment for those shipments pursuant to PACA.

28. Defendants failed and refused to pay for the produce supplied by Plaintiffs within the payment terms agreed to between the Parties.

29. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiffs have incurred damages in the aggregate principal amount of $149,993.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

//

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST VALENTINE
(Breach of Contract)

30. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 29 above as if fully set forth herein.

31. Valentine received Plaintiffs' invoices without objection on or about the dates indicated on the faces of the invoices.

32. Plaintiffs' invoices to Valentine constitute valid and enforceable agreements between the Parties.

33. Valentine breached the terms of the invoices by failing to timely remit payment for the goods it received from Plaintiffs.

34. Plaintiffs have performed all the duties, obligations and conditions precedent on their part to be performed under the invoices.

35. As a direct and proximate result of the breach of contract by Valentine, Plaintiffs have suffered damages in the aggregate principal amount of $149,993.00 plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST VALENTINE
(Failure to Pay For Goods Sold)

36. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

37. Valentine failed and refused to pay Plaintiffs the aggregate principal amount of $149,993.00 owed to Plaintiffs for goods received by Valentine from Plaintiffs.

38. As a direct and proximate result of the failure of Valentine to pay promptly, Plaintiffs have incurred damages in the aggregate principal amount of $149,993.00, plus interest, costs and attorneys' fees.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST J. REILLY
(Unlawful Dissipation of Trust Assets)

39. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 38 above as if fully set forth herein.

40. Defendant J. Reilly is an officer, director and/or shareholder and a reported principal on Valentine's PACA license who operated Valentine during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

41. Defendant J. Reilly failed to direct Valentine to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

42. Defendant J. Reilly knew or should have known that at all relevant times Valentine was in breach of the PACA trust.

43. Defendant J. Reilly's failure to direct Valentine to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

44. Defendant J. Reilly participated in or facilitated Valentine's breach of the PACA trust.

45. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST D. REILLY
(Unlawful Dissipation of Trust Assets)

46. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 45 above as if fully set forth herein.

47. Defendant D. Reilly is an officer, director and/or shareholder and a reported principal on Valentine's PACA license who operated Valentine during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

48. Defendant D. Reilly failed to direct Valentine to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

49. Defendant D. Reilly knew or should have known that at all relevant times Valentine was in breach of the PACA trust.

50. Defendant D. Reilly's failure to direct Valentine to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

51. Defendant D. Reilly participated in or facilitated Valentine's breach of the PACA trust.

52. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

53. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 52 above as if fully set forth herein.

54. PACA and the invoices issued by Plaintiffs entitle them to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

55. As a result of Defendants' continued failure to make full payment promptly in the aggregate principal amount of $149,993.00, Plaintiffs have been required to pay attorneys' fees and

costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiffs request the following relief:

A. On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties;

B. On the second cause of action, judgment against all Defendants, jointly and severally, in the aggregate principal amount of $149,993.00 plus interest, costs, and attorneys' fees under the trust provisions of PACA;

C. On the third cause of action, judgment against Valentine in the aggregate principal amount of $149,993.00, plus interest, costs, and attorneys' fees.

D. On the fourth cause of action, judgment against Valentine in the aggregate principal amount of $149,993.00, plus interest, costs, and attorneys' fees.

E. On the fifth cause of action, judgment against J. Reilly in the aggregate principal amount $149,993.00 plus interest, costs, and attorneys' fees under the trust provisions of PACA;

F. On the sixth cause of action, judgment against D. Reilly in the aggregate principal amount $149,993.00 plus interest, costs, and attorneys' fees under the trust provisions of PACA;

G. On the seventh cause of action, judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

//

//

//

H. Such other and further relief as the Court deems just and proper.

Dated: September 28, 2021

Respectfully submitted,
McCARRON & DIESS
Attorneys for Plaintiffs

By: /s/ Gregory Brown
Gregory A. Brown
576 Broadhollow Road, Suite 105
Melville, New York 11747
Phone: (631) 425-8110
Fax: (202) 364-2731
gbrown@mccarronlaw.com